IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DARREN LUBBE, | § § § | |
| Plaintiff, | § § | 1:18-CV-1011-RP |
| v. | § § | *Consolidated with:* |
| MARK MILANOVICH, et al., | § § | 1:19-cv-1073-RP |
| Defendants. | § § | |

**ORDER**

Before the Court is Plaintiff Darren Lubbe's ("Lubbe") Motion to Consolidate Cases (the "Motion"). (Dkt. 50). In that Motion, Lubbe requests that this Court consolidate this case ("*Lubbe I*") with *Darren Lubbe v. McCraw*, 1:19-cv-1073-RP ("*Lubbe II*"). (*Id.* at 1). The two cases share the same plaintiff, Darren Lubbe. (*Id.*). Lubbe's claims against Defendant Steven McCraw ("McCraw") were dismissed out of *Lubbe I* and Lubbe then successfully reasserted claims against McCraw in *Lubbe II*.[1] (*Id.*). The two cases also involve the same or overlapping central facts. (*See* Am. Compl., Dkt. 45; R. & R., Dkt. 40; Cause No. 1:19-cv-1073: Am. Compl., Dkt. 11; R. & R., Dkt. 30).

In addition to the Motion, Lubbe also filed a Notice Regarding Consolidation (the "Notice"). (Dkt. 49). In that Notice, Lubbe stated that Defendants oppose consolidation. (*Id.*). However, Defendants did not file an opposition (or any response) to Lubbe's Motion. Thus, the Court will consider Lubbe's Motion as unopposed. *See* Loc. R. W.D. Tex. CV-7(e)(2) (requiring an opposing party to respond to a nondispositive motion within 7 days and allowing the district court to grant a motion as unopposed if no timely response is filed).

The parties also indicated their desire to litigate *Lubbe I* and *Lubbe II* together when Lubbe filed an unopposed motion to unify the scheduling orders in each case. (Mot. Am. Scheduling

---

[1] Lubbe's claims against McCraw in *Lubbe II* survived a motion to dismiss. (Order, Dkt. 35).

1

Order, Dkt. 46). In that motion, Lubbe stated that "[a]s mentioned during the last hearing, the parties wish to have this case ('*Lubbe I*') governed by the same scheduling order as Case No. 1:19-cv-1073 ('*Lubbe II*') because the facts and issues are nearly identical. . . . [Defendants] do not oppose this request[.]" (*Id.* at 1). The Court granted that motion. (Order, Dkt. 51).

Federal Rule of Civil Procedure 42(a) permits a district court to consolidate "actions before the court involv[ing] a common question of law or fact." District courts have broad discretion in determining whether to consolidate cases. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989). Consolidation is proper when it will avoid unnecessary costs or delay without prejudicing the rights of the parties. *See id.*; *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).

Having considered Lubbe's Motion, the commonalities between *Lubbe I* and *Lubbe II*, Defendants' lack of a response in opposition, the parties' joint request to consolidate the schedules in *Lubbe I* and *Lubbe II*, and the interests of judicial economy, the Court will grant Lubbe's Motion.

Accordingly, **IT IS ORDERED** that Lubbe's Motion to Consolidate Cases, (Dkt. 50), is **GRANTED**. This action is **CONSOLIDATED** with Cause No. 1:19-CV-1073-RP and into Cause No. 1:18-CV-1011-RP, which will be the lead case.

**SIGNED** on March 5, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE